

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00768-CV

Zoila **HERNANDEZ**,
Appellant

v.

**VIA METROPOLITAN TRANSIT**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI10341
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: August 27, 2025

DISMISSED FOR LACK OF JURISDICTION

In its brief, Via Metropolitan Transit ("VIA") argues that this court lacks jurisdiction to consider this appeal. On July 14, 2025, we ordered Appellant Zoila Hernandez to show cause why this appeal should not be dismissed for lack of jurisdiction. No reply to our order has been filed.

The clerk's record reflects that Zoila Hernandez and America Amador sued VIA for personal injuries related to their vehicle being impacted from behind by a VIA bus. On November 4, 2024, VIA filed a motion to dismiss Zoila Hernandez's claims for lack of authority. VIA

explained that Hernandez died on June 25, 2021 of causes unrelated to the subject accident and that a suggestion of Hernandez's death had been filed on May 2, 2022. Pursuant to Texas Rules of Civil Procedure 166 and 248, VIA moved for dismissal of Hernandez's claims, arguing that no person, including Plaintiff America Amador, had established that he or she is the proper representative of Hernandez's estate and that Plaintiff Amador's counsel did not have the authority to represent and/or act on behalf of Hernandez's estate. According to VIA's motion to dismiss, "[t]o prosecute the suit on behalf of Hernandez's estate, Plaintiff Amador [had to] establish that she is the heir, administrator, or executor of Hernandez's estate." VIA argued that "Plaintiff Amador ha[d] not done this," and "Plaintiff Amador's counsel ha[d] not and c[ould] not show he has authority to try this case on behalf of Hernandez's estate."

The clerk's record further reflects that on November 7, 2024, the trial court granted VIA's motion to dismiss and dismissed all of Hernandez's claims with prejudice. The trial court's order expressly stated that the order was "final and appealable and disposes of *all claims made by Zoila Hernandez*." (emphasis added). While the order disposed of Hernandez's claims, it did not rule in any manner on Plaintiff Amador's claims. Thus, from the clerk's record, it appears that Plaintiff Amador's claims remain pending in the trial court, and the trial court's order dismissing Hernandez's claims is interlocutory.[1] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that a judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court).

We note that the notice of appeal filed on behalf of Hernandez by Plaintiff Amador's counsel states that this appeal is accelerated. Interlocutory orders may be appealed only if a specific

---

[1] We note that in appellant's brief, Hernandez states that Amador settled all her individual claims against VIA. However, the clerk's record does not reflect that Amador nonsuited her individual claims or that her individual claims were disposed of by the trial court.

statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We cannot, however, find any statutory authority that allows Hernandez to appeal from the trial court's November 7, 2024 order. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM